IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**ANTHONY KEITH DAVIS**                                                              **PLAINTIFF**

v.                                          Case No. 1:23-cv-01108-SOH

**MURPHY USA, INC.**                                                               **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Anthony Keith Davis (hereinafter "Plaintiff" or "Mr. Davis"), by and through counsel, Brian A. Vandiver of Cox, Sterling, McClure & Vandiver, PLLC, and for his Complaint against Defendant Murphy USA, Inc. (hereinafter "Defendant" or "Murphy USA"), hereby states and alleges as follows:

1. This is an action by Plaintiff to redress the age discrimination and harassment he suffered under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 631 et seq., to award full back pay and benefits, front pay, liquidated damages, compensatory damages, punitive damages, costs and attorney's fees and all other damages and relief to which Plaintiff is entitled had he not been the victim of these unlawful actions.

2. Federal question jurisdiction of this Court is invoked under the ADEA.

3. Venue is proper in this Court.

4. Mr. Davis resides in Quachita County, Arkansas and was employed by Defendant in Union County, Arkansas.

5. Upon information and belief, and at all times relevant hereto, Defendant is a business located within the State of Arkansas, organized, acting, and existing pursuant to the laws of the State of Arkansas. At all relevant times, Defendant is located in Union County, Arkansas.

At all relevant times, Defendant had the power, right, and duty to control the manner in which the individually named Defendant carried out the objectives of Plaintiff's employment and to see that all orders, rules, instructions, and regulations promulgated by Defendant were consistent with the applicable state and federal laws.

6. Plaintiff filed a timely EEOC Charge and received a Notice of Right to Sue, which are attached to this Complaint as Exhibits 1 and 2.

7. Plaintiff was born in 1962.

8. Plaintiff was hired by Defendant in 2007 as an Operations Manager.

9. Since 2021 or before, Defendant has harassed and discriminated against Plaintiff because of his age and his refusal to retire.

10. In late 2021, Plaintiff was instructed to transition his direct reports to another manager for 2022 and to then retire.

11. The transition of Plaintiff's direct reports was listed as a 2022 goal for Plaintiff and another employee over the age of 40 as reflected in Defendant's documents.

12. Plaintiff refused to retire.

13. In late 2022, Plaintiff's boss Senior Director Trey Stutts again scheduled another meeting with Plaintiff to discuss the transition of Plaintiff's direct reports.

14. In late November 2022, Plaintiff met with the Senior Vice President Renee Bacon and told her that Plaintiff was at least two years away from retirement.

15. In 2023, Plaintiff's immediate manager Senior Director Trey Stutts harassed Plaintiff daily about Plaintiff's age, Plaintiff's retirement, and the transition of Plaintiff's direct reports.

16. In March 2023, Plaintiff received a new immediate manager Director Michael Subin who immediately began asking Plaintiff when he would retire.

17. Plaintiff again refused to retire.

18. Plaintiff's new manager Director Michael Subin stated that Plaintiff was being "unfair" because Defendant's management had plans to use Plaintiff's position to hire another, younger person in another department.

19. In late March 2023, Plaintiff's manager Director Michael Subin again asked Plaintiff when he would retire.

20. Plaintiff again refused and stated he did not have a date.

21. In response, Plaintiff's manager Director Michael Subin stated that he might be able to get Plaintiff "another month or two."

22. A few days later, on or about March 29, 2023, Plaintiff's manager Director Michael Subin informed him that he had another two months, and his final day would be May 31, 2023.

23. On May 28, 2023, Defendant's Human Resources had no knowledge that Plaintiff was directed to retire on May 31, 2023 and that he had told management he planned on working through 2024.

24. Defendant wrongfully harassed and terminated Plaintiff because of his age, in violation of the ADEA.

25. Plaintiff demands a trial by jury.

26. As a result of Defendant's actions, Mr. Davis has suffered and is entitled to damages as described herein.

27. As relief for the above described violations, Plaintiff requests that this Court:

A. Grant a declaratory judgment that the actions taken against Plaintiff were in violation of the ADEA in the form of harassment and discrimination based on Plaintiff's age:

B. Award Plaintiff his back pay, front pay, pre-judgment and post-judgment interest, liquidated damages, attorney's fees, costs, and other such sums as will make him whole for the unlawful actions taken against him;

C. Grant Plaintiff injunctive relief enjoining Defendant from further acts of discrimination and retaliation against him and other employees;

D. Award Plaintiff compensatory damages for pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life due to the illegal acts taken against him; and

E. Award Plaintiff punitive damages for malice and reckless indifference to his protected rights.

WHEREFORE, Plaintiff Anthony Keith Davis requests that this Court enter judgment against Defendant Murphy USA, Inc., that Mr. Davis has been injured by the Defendant's violations of the ADEA, and that he is thereby entitled to recover all just and proper relief to which he seeks and may be entitled.

Respectfully Submitted,

ANTHONY KEITH DAVIS, PLAINTIFF

Brian A. Vandiver (ABN 2001078)
COX, STERLING, VANDIVER &
BOTTEICHER, PLLC
8201 Cantrell Rd., Suite 230
Little Rock, AR 72227
T: (501) 954-8073
bavandiver@csmfirm.com

By: Brian A. Vandiver
*Attorneys for Plaintiff*